IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALITA DeANGELIS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.   21-cv-2161 |
| v. | : | |
| | : | |
| DAL GLOBAL SERVICES LLC, | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Alita DeAngelis (hereinafter "Plaintiff").  Plaintiff was an employee of Defendant DAL Global Services LLC (hereinafter "DGS"), who has been harmed by race and age-based discrimination, and retaliatory practices as well as other improper conduct by DGS and its agents, servants, and representatives .

This action is brought under Title VII of the Civil Rights Acts of 1964 and 1991, as amended., 42 U.S.C. §2000e, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*[1]

**II. JURISDICTION AND VENUE**

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII, 42 U.S.C. §2000e *et seq.*, and the ADEA, 29 U.S.C. §

---

[1] Plaintiff has also made claims under the and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.* which are not yet ripe  under Pennsylvania law, and will be seeking leave to file Amended Complaint on or after June 2, 2021.

621 *et seq.*

2. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Lehigh County, Pennsylvania.

3. All conditions precedent to the institution of this suit have been fulfilled. As to the federal Title VII and ADEA claims, Plaintiff has invoked the procedure set forth in the ADA and ADEA and has received a Notice of Right to Sue as required. On June 2, 2020, Plaintiff filed a Charge of Discrimination with the EEOC, which was cross filed with the PHRC, against DGS alleging, *inter alia* race and age-based employment discrimination, and retaliation. On February 22, 2021, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.

4. This action has been filed within ninety (90) days of receipt of said Notice.

### III. PARTIES

5. Plaintiff, Alita DeAngelis, is a fifty seven (57) year old adult female citizen and resident of the Commonwealth of Pennsylvania.

6. Plaintiff was hired by Delta Airlines, the predecessor in interest to Defendant, DGS Township on February 17, 2012, as a Passenger Service Agent.

7. DGS was formed in or about 2018, and Plaintiff continued to be employed in the same position without interruption at the Lehigh Valley International Airport in Allentown, PA

8. At all times relevant hereto, Plaintiff was a proper, loyal, and competent employee.

9. DGS is a corporation established under the laws of the State of Delaware, with a corporate headquarters in Atlanta, Georgia.

10. At the time of the events underlying this action, DGS was engaged in business at

the Lehigh Valley International Airport in Allentown, Pennsylvania.

11. At all times relevant herein, Plaintiff was a "person" and "employee" as defined by Title VII and ADEA, and was subject to the provisions of said Acts.

12. At all times relevant herein, DGS was an "employer" as defined by Title VII, and ADEA, and is subject to the provisions of these Acts.

13. At all times relevant hereto, DGS acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment.

14. At all times material hereto, DGS employed more than twenty employees.

**IV. CAUSES OF ACTION**

15. Plaintiff's supervisors, for purposes of this case, were Jackie Paoloma, Hispanic, Age: 30's (Manager) and Joel Mora, Hispanic, Age: 30's (Supervisor).

16. On or about December 9, 2019, Plaintiff made a complaint to Paloma that other younger and/or, minority employees were given better treatment in the application of the terms, conditions and privileges of employment, and particularly that Paloma and Mora were giving more favorable treatment to Melanie C (African-American, Age: 30's), Emmylane V (Hispanic, Age 20's) and Brittany (LNU)(Caucasian, AGE: 20's), and were excluding her from meetings by conducting them in Spanish, which allowed the minority employees to participate, but the Caucasian employees were not provided with important company policy and procedures.

17. Plaintiff had previously made a complaint to Paloma that she was treating the younger and minority employees more favorably, which Paloma dismissed, saying "Don't say that."

18. The next day, on December 10, 2019, Paloma terminated Plaintiff on false, baseless and pretextual reasons in retaliation for her complaints of age and race discrimination.

19. Plaintiff has since been replaced by, and/or his duties were reassigned to, one or more younger and/or minority employees.

20. DGS's reason for termination was manufactured and pretextual in order to conceal the sex and age-based animus for discrimination and retaliation.

21. As Paloma and Mora were Plaintiff's direct supervisors and engaged in the discriminatory conduct that resulted in the suspension and eventual termination, DGS is strictly liable for this conduct.

22. DGS was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

23. As a direct result of DGS's conduct, Plaintiff has been irrevocably damaged.

24. As a direct result of DGS's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

25. As a direct result of DGS's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and he has suffered a loss of earnings and earning capacity.

### COUNT I
### PLAINTIFF v. DGS
### VIOLATION OF THE ADEA

27. Paragraphs 1 through 26 inclusive, are incorporated by reference as if fully set forth at length herein.

28. Solely because of Plaintiff's age, Plaintiff was treated disparately and denied the opportunity to continue in her employment with DGS.

29. In addition, Defendants retaliated against Plaintiff for making a complaint of race discrimination by terminating her employment.

30. The foregoing acts of DGS constitute unlawful discrimination against Plaintiff in violation of the ADEA.

31. The action of DGS is without reason or basis and is so arbitrary, capricious, and unfounded that Plaintiff is thereby denied due process of law.

32. Plaintiff has no adequate remedy at law.

33. As a direct result of DGS's willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of her age, in violation of the ADEA, Plaintiff has sustained loss of earnings, and benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
## PLAINTIFF v. DGS
## VIOLATION OF TITLE VII

34. Paragraphs 1 through 32 inclusive, are incorporated by reference as if fully set forth at length herein.

35. Solely because of Plaintiff's race, Plaintiff was treated disparately and denied the opportunity to continue in her employment with DGS.

36. The foregoing acts of DGS constitute unlawful discrimination against Plaintiff in violation of Title VII.

37. In addition, Defendants retaliated against Plaintiff for making a complaint of race

discrimination by terminating her employment.

38. The action of DGS is without reason or basis and is so arbitrary, capricious, and unfounded that Plaintiff is thereby denied due process of law.

39. Plaintiff has no adequate remedy at law.

40. As a direct result of DGS's willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of her race, in violation of Title VII, Plaintiff has sustained loss of earnings, and benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT III**
**PLAINTIFF v. DGS**
**RETALIATION UNDER TITLE VII**

41. Paragraphs 1 through 40 inclusive, are incorporated by reference as if fully set forth at length herein.

42. By the acts complained of, DGS has retaliated against Plaintiff for exercising her rights under Title VII, namely making reports of race discrimination which she reasonably believed to be in violation of Title VII, namely making a claim of discrimination.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of DGS 's retaliatory practices unless and until this Court grants relief.

**COUNT IV**
**PLAINTIFF v. DGS**
**RETALIATION UNDER THE ADEA**

44. Paragraphs 1 through 43 inclusive, are incorporated by reference as if fully set forth at length herein.

45. By the acts complained of, DGS has retaliated against Plaintiff for exercising her rights under the ADEA, namely making reports of age discrimination which she reasonably believed to be in violation of the ADEA, namely making a claim of age discrimination.

46. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of DGS's retaliatory practices unless and until this Court grants relief.

## V. **PRAYER FOR RELIEF**

47. Paragraphs 1 through 46 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

   a. Exercise jurisdiction over her claim;

   b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

   c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from DGS' discriminatory and unlawful conduct;

   d. Reinstate Plaintiff to her former position together with back pay and compensatory damages;

  e. Award Plaintiff attorneys' fees and costs; and

  f. Grant such other relief, as the Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

         HAHALIS & KOUNOUPIS, P.C.

  By: */s/ David L. Deratzian*
     DAVID L. DERATZIAN, ESQUIRE
     20 East Broad Street
     Bethlehem, PA  18018
     (610) 865-2608
     Attorneys for Plaintiff

Date:  May 12, 2021